**ESTATE OF Felix Giomard RIVERA, et al., Plaintiffs,**

v.

**DOCTOR SUSONI HOSPITAL INC., et al., Defendants.**

**No. CIV. 02–1407(PG).**

United States District Court, D. Puerto Rico.

June 24, 2004.

Ricardo Ruiz–Diaz, Ruiz & Reyes Law Offices, Fajardo, PR, for Estate of Felix Giomard Rivera Rodriguez, Zulma Rodriguez–Ortiz, Felix Daniel Rivera–Rodriguez, Zulma Veronica Colon–Rodriguez, Richzel Colon–Rodriguez, Plaintiffs.

Teresa M. Garcia–Moll, Teresa M. Garcia Moll Law Office, San Juan, PR, for Hospital Dr. Susoni Inc., John Doe 02CV1407, St. Paul Fire and Marine Insurance Company, Defendants.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

The Estate of Felix Giomard Rivera Rodriguez[1] (hereinafter "plaintiffs"), filed suit against Doctor Susoni Hospital Inc., (hereinafter "defendant"), and Saint Paul Fire & Marine Insurance Co., claiming defendant violated the Emergency Medical Treatment and Active Labor Act (hereinafter "EMTALA"), 42 U.S.C. § 1395dd, by failing to adequately screen and stabilize Felix Giomard Rivera Rodriguez (hereinafter "Rivera").

Before the Court is plaintiffs' Motion for Reconsideration (Docket No. 40), of this Court's October 10, 2003, Opinion and Order (Docket No. 38.) For the following reasons, the Court **DENIES** plaintiffs' motion.

### FACTUAL BACKGROUND

On March 25, 2000, at approximately 11:45 p.m., in the municipality of Camuy, Rivera was involved in an automobile accident causing him severe injuries. As a result of these injuries, Rivera was taken to Doctor Susoni Hospital's Emergency Ward in Arecibo, where he arrived at approximately 1:15 a.m. (Docket No. 20 at 3.) Plaintiffs claim that Rivera was not timely nor properly triaged in order to establish the nature and severity of his condition. They also claim that Rivera was not screened nor stabilized by the on-duty Emergency Department physician, which caused Rivera's continued deterioration and eventual death. *Id.* Plaintiffs further claim that due to the defendant's disparate treatment, reckless disregard, and untimely medical care, Rivera's condition irreversibly worsen and caused his death. (Docket No. 20 at 4.)

Plaintiffs filed suit claiming that Rivera's suffering and death was the direct result of the defendant's failure to screen and stabilize him.

### DISCUSSION

#### I. Standard Under Rule 59(e)

Federal Rule of Civil Procedure 59(e) enables a party to make a motion to alter or amend a judgment if the judgment is based on a manifest error of law. *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir.2003). "Any motion to alter or amend a judgment shall be filed no

---

1. The Estate of Felix Giomard Rivera is comprised by Zulma Rodriguez Ortiz; Felix Daniel Rivera; Zulma Veronica Colon Rodriguez; and Richzel Colon Rodriguez.

later than 10 days after entry of judgment." Fed.R.Civ.P. 59(e). Motions under Rule 59(e) are "aimed at reconsideration, not initial consideration." *FDIC Corp. v. World University, Inc.,* 978 F.2d 10, 16 (1st Cir.1992). Parties should not use them to "raise arguments which could, and should, have been made before the judgment issued." *Id. (quoting FDIC Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). Motions under rule 59(e) "must either clearly establish a manifest error of law or must present newly discovered evidence. They may not be used to present a new legal theory." *Id.* Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked and that might reasonably be expected to alter the conclusion reached by court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2nd Cir.1995).

## II. Analysis

Plaintiffs move to reconsider this Court's Opinion and Order in which the latter concluded that the defendant had not violated EMTALA's duty to stabilize Rivera inasmuch as he was never discharged or transferred from the emergency room as required by the statute.

Plaintiffs argue, however, that this Court's holding is contrary to EMTALA's inherent nature and purpose, and that Doctor Susoni Hospital had the duty to stabilize Rivera's condition under EMTALA, and failed to do so.

### A. EMTALA's Purpose & Legislative aim

■ As health-care costs spiraled upward and third-party payments assumed increased importance, Congress became concerned "about the increasing numbers of reports that hospital emergency rooms [were] refusing to accept or treat patients with emergency conditions if the patient [did] not have medical insurance."H.R.Rep. No. 241(1), 99th Cong., 1ST Sess. 27 (1986). *See Reynolds v. MaineGeneral Health,* 218 F.3d 78, 83 (1st Cir.2000). Congress enacted EMTALA to "assure that any person visiting a covered hospital's emergency room is screened for an emergency medical condition and is stabilized if such a condition exists." *del Carmen Guadalupe v. Negron Agosto,* 299 F.3d 15, 19 (1st Cir.2002).

■ EMTALA has two central elements: (1) it requires that a participating hospital afford an appropriate medical screening to all persons who come to its emergency room seeking medical assistance, and (2) it requires that, if an emergency medical conditions exists, the participating hospital must render the services that are necessary to stabilize the patient's condition. 42 U.S.C. 1395dd(a),(b)(1)(A); *See Correa v. Hospital San Francisco,* 69 F.3d 1184, 1190 (1st Cir.1995). In addition, Courts have emphasized that EMTALA does not create a cause of action for medical malpractice. *Correa,* 69 F.3d at 1192; *Reynolds,* 218 F.3d at 83.

■ In the present case plaintiffs claim that this Court's conclusion is inconsistent with EMTALA's inherent nature because it constitutes a means to constructively dump patients. (Docket 40 at 6 ¶13.) Plaintiffs, however, do not explain how exactly this Court's conclusion is inconsistent with EMTALA's legislative purpose. Plaintiffs motion is simply devoid of arguments or facts to support their naked assertion that this Court's findings do not comply with EMTALA's aim and goal. What's more, plaintiffs fail to proffer new evidence or show there has a been a manifest error of law that would persuade the Court to alter its conclusion. In sum, plaintiffs fail to show how this Court's conclusion offers the defendants "a key to

EMTALA infringement" as they so claim in their motion. Therefore, plaintiffs motion should be denied.

### B. Duty to Stabilize

■ Duty to stabilize "arises with respect to any individual who comes to a hospital after the hospital determines that the patient has an emergency medical condition." *Torres Otero v. Hospital General Menonita,* 115 F.Supp.2d 253, 259 (D.P.R. 2000). "Once the hospital makes the determination that the patient is suffering from an emergency condition, the hospital must provide reasonable treatment to stabilize the patient's emergency situation before discharging or transferring him." *Marrero v. Hospital Hermanos Melendez, Inc.,* 253 F.Supp.2d 179, 197 (D.P.R.2003). The duty to stabilize is defined in the statute itself, and speaks of the requirement that a hospital provide treatment to assure that "no material deterioration of the condition is likely to result from or occur during the transfer or discharge". *Marrero,* 253 F.Supp.2d at 198. In other words, "the duty to stabilize exists not in a vacuum, but rather in reference to a transfer of the patient from the hospital." *Torres Otero,* 115 F.Supp.2d at 260. "A hospital violates its duty to stabilize under EMTALA when it fails to stabilize a patient before transferring or discharging him." *Id.*

■ The Court held that plaintiffs' "failure to stabilize claim" failed inasmuch as Rivera was never discharged or transferred from the emergency room. Because the hospital neither transferred or discharged Rivera, the Court found no violation of the hospital's duty under EMTALA. (Docket No. 38 at 9.) The Court found that the evidence presented by the plaintiffs did not support a finding that the medical treatment given to Rivera was unreasonable under the circumstances. Nei-

ther did it show that it was unlikely to have prevented Rivera's material deterioration. The Court found no evidence to support plaintiffs' argument that something other than the projected need of Rivera determined the treatment that was provided.

As with their previous claim, plaintiffs fail to bring forth new arguments or evidence to persuade the Court to alter its conclusion that defendant did not violate EMTALA's duty to stabilize. Plaintiffs simply rehash the same arguments as in their opposition to defendant's motion for summary judgment. These arguments were already discussed, considered, and denied by this Court. Inasmuch as plaintiffs again fail to proffer new evidence or point to errors of law to support their claim that Doctor Susoni Hospital violated EMTALA's duty to stabilize, their request should be denied.

Therefore, because plaintiffs do not bring forth new evidence or argue there has been a substantive change or manifest error of law, they fail to persuade the Court to alter or amend its previous judgment. Accordingly, plaintiffs' request for reconsideration is **DENIED**.

### CONCLUSION

For the reasons set forth above, we hereby **DENY** Plaintiffs' Motion for Reconsideration of Judgment. (Docket No. 40).

**IT IS SO ORDERED.**